**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GLORIA A. BUNCH,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:13-CV-1075-G-BH |
| ) | |
| **ALLADIN MOLLOBASY, M.D., et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the plaintiff's civil rights claims and her claims for license revocation and criminal prosecution should be **DISMISSED,** and her remaining negligence and fraud claims should be permitted to proceed.

**I.  BACKGROUND**

On March 13, 2013, Gloria Bunch (Plaintiff) sued Dr. Alladin Mollobashy (Mollobashy), Dana Bond, C.N.P. (Bond), Baylor Hospital, and Reliant Rehabilitation Hospital (collectively Defendants).  She claims that the defendants provided negligent medical care, committed fraud, committed criminal acts, and violated her civil rights.  (*See* doc. 10 at 3-4, 9-11.)  She seeks monetary damages and the revocation of Mollobashy's and Bond's state medical licenses, and she also appears to seek to have Mollobashy and Bond criminally prosecuted.  *Id*. at 3-4, 10-11.

**II.  PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 7), her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted."  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state

a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III. SECTION 1983

Plaintiff alleges that Defendants violated her civil rights by providing negligent medical care.

Section 1983 of Title 42 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff sues Defendants for negligent medical care. As noted, she must allege that she has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law to state a viable claim for relief in a § 1983 action. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its

2

reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action for purposes of § 1983 only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has alleged no facts to support a claim that the conduct of any of the defendants involved in the allegedly negligent medical care may be attributable to the State. She therefore fails to state a plausible claim under § 1983.

## IV.  REVOCATION OF LICENSES AND PROSECUTION

Plaintiff seeks to have the state medical licenses of Mollobasy and Bond revoked. (doc. 10 at 3.) Medical licensing is an administrative matter that is regulated by the state, however, and Plaintiff has not demonstrated that a federal court has jurisdiction over such a claim. *See Ryals v. Aschberger*, 2009 WL 1749420, *4, n. 1 (S.D.Tex. June 18, 2009). Furthermore, to the extent that Plaintiff seeks to have the individual defendants criminally prosecuted, there is no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). A civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). These claims should therefore be dismissed for failure to state a claim.

## IV.  RECOMMENDATION

Plaintiff's claims under 42 U.S.C. § 1983 and her claims seeking the revocation of licenses and criminal prosecution should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Her remaining negligence and fraud claims should be permitted to proceed.

3

**SIGNED this 16th day of January, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE