UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA A. BUNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:13-CV-1075-G (BH) |
| ALLADIN MOLLABASHY, M.D., | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the defendant Reliant Rehabilitation Hospital North

Texas ("Reliant"), LP's motion to dismiss and brief in support, filed March 3, 2014

(docket entry 23), the defendant Alladin Mollabashy ("Mollabashy"), M.D.'s motion

to dismiss and brief in support, filed March 4, 2014 (docket entry 26), and the

defendant Dana Bond ("Bond"), R.N.'s motion to dismiss and brief in support, filed

March 4, 2014 (docket entry 27).  Based on the relevant filings and applicable law,

Mollabashy's and Bond's motions to dismiss are granted in part, and denied in part.

Reliant's motion to dismiss is granted.

I. <u>BACKGROUND</u>[1]

In October 2010, the plaintiff Gloria Bunch ("Bunch") underwent knee surgery in Arkansas.  Answers to Magistrate Judge Questionnaire ("Questionnaire") (docket entry 10) at 1.[2]  After the surgery, she was in severe pain and was unable to walk.  *Id.*  Bunch saw Mollabashy in Dallas, Texas, for a second opinion.  *Id.*  On May 5, 2011, Mollabashy, assisted by Bond, performed "revision" surgery on Bunch's knee at Baylor Hospital ("Baylor").  *Id.* at 1-2.  Bunch claims they cut out her muscle, caused nerve damage in her knee, and failed to inform her.  *Id.* at 3.  Mollabashy told her family that he had to place a rod in her leg for additional support.  *Id.* at 2, 10.  After the surgery, Bunch was discharged to Reliant, but she had to be re-hospitalized at Baylor due to hemorrhaging around the site of the surgery.  *Id.* at 2.  Bunch attempted to return to Reliant after discharge, but Reliant declined to admit her due to its lack of space.  *Id.*  Mollabashy and Bond saw her on an out-patient basis after the surgery.  *Id.*  Bunch's pain worsened, and she could not lift or extend her leg.  *Id.* at 2.  She contends that is unable to walk without a walker.  *Id.* at 2-3.

---

[1]     Plaintiff's answers to the questions in the magistrate judge's questionnaire constitute an amendment to the complaint.  See *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994).

[2]     Citations to the record refer to the CM/ECF system page number at the top of each page.

On March 13, 2013, Bunch sued Mollabashy, Bond, Baylor, and Reliant (collectively, "the defendants"), alleging that they provided negligent medical care, committed fraud, committed criminal acts, and violated her civil rights.  *See* Complaint (docket entry 3); Questionnaire (docket entry 10) at 3-4, 9-11.  She sought monetary damages, revocation of Mollabashy's and Bond's state medical licenses, and criminal prosecution of Mollabashy and Bond.  Questionnaire (docket entry 10) at 3-4, 10-11.  On January 16, 2014, the magistrate judge recommended that Bunch's claims for violation of her civil rights, revocation of Mollabashy's and Bond's medical licenses, and criminal prosecution were dismissed at the preliminary screening stage under 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Findings, Conclusions and Recommendation (docket entry 14).  The undersigned district judge accepted the recommendation on February 12, 2014 (docket entry 20).  Her medical negligence and fraud claims were permitted to proceed.  *Id.*

Reliant, Mollabashy, and Bond have all moved to dismiss this action (docket entries 23, 26, 27).[3]  Bunch has filed her response, and Mollabashy and Bond have filed a reply (docket entries 33, 35).  The motions are ripe for determination.

## II.  RULE 12(b)(1) MOTION TO DISMISS

Mollabashy and Bond move to dismiss in part on the ground that Bunch has not stated a plausible claim for relief because the damages she seeks "are not

---

[3]      Baylor has not been served (docket entry 21).

supported by law or facts and as such the $75,000 jurisdictional requirement for diversity of citizenship fails." (docket entries 26 at 3; 27 at 3).

A.  Subject Matter Jurisdiction

Although the defendants expressly invoke Rule 12(b)(6) in support of their motion to dismiss for failure to state a plausible claim, their argument concerning the amount in controversy implicates the existence of subject matter jurisdiction over this case.  Federal courts have matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties (diversity jurisdiction).  28 U.S.C. §§ 1331, 1332.  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction."  See *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the jurisdictional issue at any time.  *Id.*; *Equal Employment Opportunity Commission v. Agro Distribution, LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

A motion to dismiss for lack of subject matter jurisdiction arises under Rule 12(b)(1).  FED. R. CIV. P. 12(b)(1); *Home Builders Association of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)), *cert. denied*, 536 U.S. 960 (2002).  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*  When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.  See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

Cir. 1998). "If those allegations are sufficient, the complaint stands." *Id.* Facial

attacks are usually made early in the proceedings. *Id.* When evidence is presented

with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In

that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and

the existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of jurisdictional claims." *Id.* A factual attack may

occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d

507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980). Regardless of the nature of

attack, the party asserting federal jurisdiction continually carries the burden of proof

to show it exists. *Ramming*, 281 F.3d at 161.

Here, the defendants rely solely on Bunch's complaint to support their motions

to dismiss. The motions therefore present a facial attack that does not require the

resolution of factual matters outside the pleadings. See *Williamson*, 645 F.2d at 412-

13.

## B. <u>Amount in Controversy</u>

Mollabashy and Bond contend that Bunch has not adequately plead sufficient

damages to meet the threshold amount for diversity jurisdiction.

Bunch seeks $37,100,000 from each of the individual defendants and

$77,100,000 from each hopsital for the permanent damage she suffered to her knee,

and for pain, suffering, and mental anguish (docket entry 10 at 11).  She claims that she derived these figures from prayer.  *Id.*

Courts may look beyond a plaintiff's allegations when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  "While a federal court must of course give due credit to the good faith claims of the Bunch, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  Once a plaintiff is put on notice that a concern exists as to the amount of damages claimed, he or she is obligated to show a good faith basis for the amount of damages claimed.  See *id.* at 1053.

Dismissal of an alleged diversity action for lack of jurisdiction is proper when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Horton*, 367 U.S. at 353 (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289).  When determining the amount in controversy, the courts may apply common sense to the allegations.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).  Courts may also refer to the types of claims alleged by the plaintiff and the nature of the damages sought.  See *id.*  As the party seeking to invoke federal

jurisdiction, Bunch bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Here, Bunch asserts claims for medical negligence that allegedly resulted in permanent physical injury. Questionnaire at 2-4. She has alleged sufficient facts to support a finding that her claim is for more than the jurisdictional amount of $75,000. See *Carleton v. CRC Industries, Inc.*, 49 F. Supp.2d 961, 962 (S.D. Tex. 1999) (applying the "common knowledge" that cases involving severe and permanent injuries will meet the threshold amount for federal jurisdiction); see also *Henson ex rel. Henson v. Power, Rogers & Smith P.C.*, No. 3:06-CV-0566-L, 2007 WL 313313, at *5 (N.D. Tex. Jan. 31, 2007) (applying *Carleton* in a suit involving wrongful death); *Cross v. Bell Helmets, USA*, 927 F.Supp. 209, 214 (E.D. Tex. 1996) (stating that "compensatory damages alone in a case involving severe and permanent head injuries often will subject a tortfeasor to possible exposure well beyond the jurisdictional minimum of this court"). It does not appear to a legal certainty that Bunch's claims are actually for less than $75,000. See *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 455 n.6 (5th Cir. 2008) (Dennis, Cir. J.) (dissenting) (dismissal is justified only when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289)).

Mollabashy and Bond's motions to dismiss on grounds that Bunch has not sufficiently alleged damages in excess of the threshold jurisdictional amount are denied.

## III.   RULE 12(b)(5) MOTION TO DISMISS

Bond moves to dismiss this action against her under Rule 12(b)(5) based on defective service of process (docket entry 27 at 4).  She was served at Mollabashy's clinic, where she had not worked "for quite some time[.]"  *Id.* at 3-4.

Rule 12(b)(5) of the Federal Rules of Civil Procedure "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint.  *See* FED. R. CIV. P. 12(b)(5); *Tinsley v. Commissioner of Internal Revenue Service*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998).  A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  See *Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over the defendants because the plaintiff properly served them in compliance with Rule 4).

FED. R. CIV. P. 4(e) governs service on individuals.  It provides in relevant part:

> [A]n individual . . . may be served in a judicial district of
> the United States by:
>
>> (1) following state law for serving a summons
>> in an action brought in courts of general

> jurisdiction in the state where the district
> court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the
>> summons and of the complaint
>> to the individual personally;
>>
>> (B) leaving a copy of each at the
>> individual's dwelling or usual place of
>> abode with someone of suitable age
>> and discretion who resides there; or
>>
>> (C) delivering a copy of each to
>> an agent authorized by
>> appointment or by law to receive
>> service of process.

FED. R. CIV. P. 4(e)(1)-(2).  A plaintiff has the burden to ensure that the defendants

are properly served with a summons and a copy of the complaint.  FED. R. CIV. P.

4(c)(1).  A return of service is *prima facie* evidence of the manner of service.  *Nabulsi v.*

*Nahyan*, No. H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd*,

383 F. App'x 380 (5th Cir. 2010).  Unless some defect in service is shown on the face

of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to

produce admissible evidence establishing the lack of proper service.  *Nabulsi*, 2009

WL 1658017, at *4 (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394,

1398 (7th Cir. 1993)).

Because Bunch was proceeding *in forma pauperis*, the U.S. Marshal's Service was

ordered to serve copies of the summons and complaint on all four defendants (docket

entry 15).  The proof of service shows that Bond was not personally served with a copy of the summons and complaint; a Deputy U.S. Marshal left it with the office manager of Mollabashy's clinic (docket entry 22 at 1).  The complaint includes no allegation that the office manager was Bond's authorized agent for service of process.

"[A] plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  In *Sanchez v. Perez*, No. 96-40049, 1996 WL 512289 (5th Cir. Aug. 30, 1996) (unpublished), the Fifth Circuit found that dismissal was improper when a plaintiff proceeding *in forma pauperis* provided the last known work address of the defendants, and the U.S. Marshal's Service never informed the plaintiff it had a problem serving those defendants who no longer worked there.  *Id.* at *2; see also *Pickens v. Powell*, 188 F. App'x 258, 259 (5th Cir. 2006) (ruling that the U.S. Marshal's Service improperly performed its duty when it attempted to serve only by certified mail and not personally, and dismissal was improper).

Here, the U.S. Marshal's Service never informed Bunch of any problems serving Bond, and she should not be penalized for the failure.  See *Sanchez*, 96 F.3d at *2.  "As an alternative to dismissal, a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service."  *Neely v.*

*Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904 at *2 (N.D. Tex. Apr. 7, 2008).

Dismissal is therefore unwarranted, and the appropriate remedy is to provide Bunch

an opportunity to properly effect service.  Bond's motion to dismiss under Rule

12(b)(5) is denied.

## IV.  RULE 12(b)(6) MOTIONS TO DISMISS

Mollabashy, Bond, and Reliant move under Rule 12(b)(6) to dismiss this

action for failure to state a claim (docket entries 23, 26, 27).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which

relief can be granted.  FED. R. CIV. P. 12(b)(6).  Motions to dismiss under Rule

12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th

Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the

pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530

U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is

well-established that "*pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.

1981).  However, regardless of whether the Bunch is proceeding *pro se* or is

represented by counsel, pleadings must show specific, well-pleaded facts, not mere

conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278,

281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view

them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A]

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Although "detailed factual allegations" are not necessary, a plaintiff must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (emphasizing that "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions").  The

alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted

unlawfully.  Where a complaint pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs

"have not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 680.

## A. Mollabashy and Bond

Mollabashy and Bond assert that dismissal is proper based on Bunch's (1) failure to send them pre-suit notice; (2) failure to file an expert report; (3) failure to state a medical negligence claim; and (4) failure to state a fraud claim (docket entries 26, 27).

### 1. *Pre-suit Notice*

Mollabashy and Bond contend that Bunch's claims against them should be dismissed because she failed to provide the pre-suit notice required by Texas Civil Practice and Remedies Code §§ 74.051 and 74.052 (docket entries 26 at 4; 27 at 4).

Section 74.051(a) states:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.  The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

*Id.* Section 74.052(a) states:

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section.  Failure to provide this authorization along with the notice of health care claim

> shall abate all further proceedings against the physician or
> health care provider receiving the notice until 60 days
> following receipt by the physician or health care provider
> of the required authorization.

*Id.*  "The Legislature's purpose in requiring notice in a medical liability suit is to

encourage pre-suit negotiations, settlement, and reduce litigation costs."  *Rabatin v.*

*Vazquez*, 281 S.W.3d 563, 566 (Tex. App.--El Paso 2008, no pet.).

In *Schepps v. Presbyterian Hospital of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983),

the Texas Supreme Court ruled that dismissal is not a proper remedy for a failure to

provide the 60-day notice letter.[4]  It "conclude[d] that to bar prosecution for failure

to give notice would constitute . . . an undue restriction of claimant's right[]" and

held that the notice provision was "mandatory, yet only subjecting the cause to

abatement."  *Id.*  The plain language of § 74.052 also states that a failure to provide a

medical authorization abates "all further proceedings against the physician or health

care provider receiving the notice until 60 days following receipt . . . of the required

authorization."  Tex. Civ. Prac. & Rem. Code § 74.052(a).

Mollabashy and Bond argue that because the Texas Medical Liability Act

adopted a strict two-year statute of limitations, the pre-suit notice requirement

cannot be abated (docket entries 26 at 4; 27 at 4).  They cite no authority to support

this argument.  "It is well-settled . . . that a plaintiff's failure to comply with § 74.051

---

[4]    *Schepps* involved a prior but nearly identical version of the statute.  See
*Schepps*, 652 S.W.2d at 935.

does not bar recovery against the defendant." *Everett v. Merck & Co., Inc.*, No.

C-06-480, 2006 WL 3302527, at *2 n.2 (S.D. Tex. Nov. 13, 2006); see also *Rice v.*

*Pfizer, Inc.*, No. 3:06-CV-0757-M, 2006 WL 1932565, at *3 (N.D. Tex. July 7. 2006)

("Compliance with [§ 74.051] is mandatory; however, failure to comply will not

result in dismissal of the claim."). Mollabashy's and Bond's motions to dismiss for

Bunch's failure to send the pre-suit notice are therefore denied. See *Rice*, 2006 WL

1932565, at *3.

### 2. *Expert Report*

Mollabashy and Bond next contend that the claims against them should be

dismissed because Bunch failed to file an expert report as required by Texas Civil

Practice and Remedies Code § 74.351 (docket entries 26 at 4-6; 27 at 4-6).[5]

Section 74.351(a) delineates the requirements for the expert report filings in

medical malpractice actions in Texas. It states:

> In a health care liability claim, a claimant shall, not later
> than the 120th day after the date each defendant's original
> answer is filed, serve on that party or the party's attorney
> one or more expert reports, with a curriculum vitae of each
> expert listed in the report for each physician or health care
> provider against whom a liability claim is asserted. The
> date for serving the report may be extended by written
> agreement of the affected parties. Each defendant
> physician or health care provider whose conduct is
> implicated in a report must file and serve any objection to

---

[5] Bunch's response alleges that she submitted a document by Dr. Joseph
Teynor stating, "my gut feeling [sic] her knee revision was for no reason in Texas"
(docket entry 33 at 6), but it does not appear in the record.

> the sufficiency of the report not later than the later of the
> 21st day after the date the report is served or the 21st day
> after the date the defendant's answer is filed, failing which
> all objections are waived.

*Id.* If the required expert report is not filed within 120 days of the filing of the

original petition, courts are required to dismiss the suit related to the physician or

health care provider who moves to dismiss under § 74.351(b).[6]

"It is a long-recognized principle that federal courts sitting in diversity cases

[such as this one], 'apply state substantive law and federal procedural law.'" *Shady*

*Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,* 559 U.S. 393, 417 (2010)

(Stevens, J., concurring) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); see

---

[6]     Section 74.351(b) states:

> If, as to a defendant physician or health care
> provider, an expert report has not been served
> within the period specified by Subsection (a),
> the court, on motion of the affected
> physician or health care provider, shall,
> subject to Subsection (c), enter an order that:
>
> > (1) awards to the affected
> > physician or health care provider
> > reasonable attorney's fees and
> > costs of court incurred by the
> > physician or health care
> > provider; and
> >
> > (2) dismisses the claim with
> > respect to the physician or
> > health care provider, with
> > prejudice to the refiling of the
> > claim.

also *Guzman v. Memorial Hermann Hospital System*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law.") (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)). "Federal courts are not bound, however, to follow a state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson v. Myrick*, No. 3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation and internal quotation marks omitted).  If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern Railroad Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (internal quotation marks omitted).

Here, the "[e]xpert disclosure rules and sanctions for failure to comply with those rules are governed in federal courts" by Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1).  See *Poindexter v. Bonsukan*, 145 F.Supp.2d 800, 804 (E.D. Texas 2001); see also *Yates-Williams v. Nihum*, 268 F.R.D. 566, 569-70 (S.D. Tex. 2010).  Rule 26(a)(2) states, in relevant part:

> (A) In General.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report.
> Unless otherwise stipulated or ordered by the court, this
> disclosure must be accompanied by a written report --
> prepared and signed by the witness -- if the witness is one
> retained or specially employed to provide expert testimony
> in the case or one whose duties as the party's employee
> regularly involve giving expert testimony.
>
> . . .
>
> (D) Time to Disclose Expert Testimony.  A party must
> make these disclosures *at the times and in the sequence that the
> court orders*.

*Id.* (emphasis added).  "The purpose of these procedures is to provide information on

expert testimony sufficiently in advance of trial [so] that opposing parties have a

reasonable opportunity to prepare for effective cross examination and perhaps arrange

for expert testimony from other witnesses."  *Poindexter*, 145 F.Supp.2d at 804

(internal quotation marks omitted) (quoting FED. R. CIV. P. 26 advisory committee's

note (1993)).  Further, Rule 37(c)(1) provides:

> (1) Failure to Disclose or Supplement.  If a party fails to
> provide information or identify a witness as required by
> Rule 26(a) or (e), the party is not allowed to use that
> information or witness to supply evidence on a motion, at
> a hearing, or at a trial, unless the failure was substantially
> justified or is harmless.  In addition to or instead of this
> sanction, the court, on motion and after giving an
> opportunity to be heard:
>
> > (A) may order payment of the reasonable
> > expenses, including attorney's fees, caused by
> > the failure;
> >
> > (B) may inform the jury of the party's failure;
> > and

- 19 -

>       (C) *may impose other appropriate sanctions*,
>       including any of the orders listed in Rule
>       37(b)(2)(A)(i)-(vi).

*Id.* (emphasis added).

Section 74.351 requires disclosure within 120-days of filing of the suit, and if the party fails to file the expert report, mandates the court to dismiss the case with prejudice.  TEX. CIV. PRAC. & REM. CODE § 74.351.  The "mandatory language of [§] 74.351 strips federal courts of the discretion granted in Rules 26 and 37[,]" causing a "direct collision" between them.  *Nelson*, 2005 WL 723459, at *3 (citing *Hanna v. Plumer*, 380 U.S. 460, 470 (1965), and *Poindexter*, 145 F.Supp.2d at 808); see also *Sauceda v. Pfizer Inc.*, No. C-07-06, 2007 WL 87660, at *2-3 (S.D. Tex. Jan. 9, 2007); *Beam v. Nexion Health Management, Inc.*, No. 206 CV 231, 2006 WL 2844907, at *2-3 (E.D. Tex. Oct. 2, 2006); *Garza v. Scott & White Memorial Hospital*, 234 F.R.D. 617, 622-23 (W.D. Tex. 2005).

"[T]he law is unsettled in [the Fifth C]ircuit as to whether Texas Civil Practice & Remedies Code § 74.351 applies in federal court."  *Prentice v. United States*, 980 F.Supp.2d 748, 752 (N.D. Tex. 2013).  One unpublished Fifth Circuit case applied the 120-day restriction under § 74.351 in *dicta* without addressing whether it is applicable in federal court.  See *Chapman v. United States*, 353 F. App'x 911, 913-14 (5th Cir. 2009); see also *Prentice*, 980 F.Supp.2d at 752 (noting that the *Chapman* court's application of § 74.351 was *dicta*); *Garland Dollar General LLC v. Reeves*

*Development, LLC*, No. 3:09-CV-0707-D, 2010 WL 4259818, at *6 n.14 (N.D. Tex.

Oct. 21, 2010) (observing that the *Chapman* "court applied state law without

considering its applicability in federal court."); *Yates-Williams*, 268 F.R.D. at 570

(concluding that because the *Chapman* court did not discuss the applicability of

§ 74.351, the court's "reference to § 74.351 was not necessary to the holding, making

it dicta.").

     The majority of district courts in this circuit that have addressed the

applicability of § 74.351 in federal court have found it to be preempted by the federal

rules. See *Estate of C.A. v. Grier*, 752 F. Supp. 2d 763, 770 (S.D. Tex. 2010);

*Yates-Williams*, 268 F.R.D. at 569; *Mason v. United States*, 486 F. Supp. 2d 621,

624-25 (W.D. Tex. 2007); *Garza*, 234 F.R.D. at 622-23; *Poindexter*, 145 F. Supp. 2d

at 808-10.[7]   Only three cases have found § 74.351 applicable in federal court.[8]

---

[7]     See also *Milligan v. Nueces County, Texas*, No. C-08-118, 2010 WL
2352060, at *3 (S.D. Tex. June 9, 2010); *Garcia v. LCS Corrections Services, Inc.*, No.
C-09-334, 2010 WL 2163284, at *5 & n.3 (S.D. Tex. May 24, 2010); *Politis v.
Noblin*, No. H-08-2595, 2009 WL 3761748, at *1 (S.D. Tex. Nov. 9, 2009); *Basco v.
Spiegel*, No. 08-0468, 2009 WL 3055319, at *1 (W.D. La. Sept. 21, 2009); *Guzman*,
2008 WL 5273713, at *15; *Castaneda v. Aetna Health Inc.*, No. 1:07CV532, 2008 WL
1994936, at *3 (E.D. Tex. May 2, 2008); *Toler v. Sunrise Senior Living Services, Inc.*,
No. 06CV0887, 2007 WL 869581, at *4 (W.D. Tex. Mar. 21, 2007); *Sauceda*, 2007
WL 87660, at *2; *Beam*, 2006 WL 2844907, at *2-3; *Hall v. Trisun*, No.
SA05CA0984, 2006 WL 1788192, at *4 (W.D. Tex. June 23, 2006) *report and
recommendation adopted*, No. SA 05 CA 984 OG, 2006 WL 2329418 (W.D. Tex.
Aug. 1, 2006); *Wakat v. Montgomery County*, No. H-05-0978, 2006 WL 1469669, at
*1 (S.D. Tex. May 23, 2006); *Hawkins v. Wadley Regional Medical Center*, No.
5:05CV154, 2006 WL 5111117, at *1 (E.D. Tex. May 18, 2006); *Hardin v. Senior
Living Properties, LLC*, No. 2:05CV357, 2006 WL 6865147, at *3-4 (E.D. Tex.
(continued...)

This court agrees with the majority of the district courts in this circuit that have found that § 74.351 is preempted by Federal Rules of Civil Procedure 26 and 37. The mandatory nature of § 74.351 on the time limit and sanctions collide with the provisions of Rules 26 and 37. See *Nelson*, 2005 WL 723459, at *3; see also *Sauceda*, 2007 WL 87660, at *2-3; *Beam*, 2006 WL 2844907, at *2-3; *Garza*, 234 F.R.D. at 622-23. Mollabashy's and Bond's motions to dismiss Bunch's claims based on her failure to file an expert report pursuant to § 74.351 are denied.

3. *Medical Negligence Claim*

---

[7](...continued)
May 16, 2006); *Brown v. Brooks County Detention Center*, No. C-04-329, 2005 WL 1515466, at *2 (S.D. Tex. June 23, 2005); *Nelson*, 2005 WL 723459, at *2-4; *McDaniel v. United States*, No. SA-04-CA-0314, 2004 WL 2616305, at *8 (W.D. Tex. Nov. 16, 2004); *Redden v. Senior Living Properties, L.L.C.*, No. 104CV125-C, 2004 WL 1932861, at *3 (N.D. Tex. Aug. 27, 2004).

[8]       In *Cruz v. Chang*, 400 F.Supp.2d 906, 914-15 (W.D. Tex. 2005), the court found that § 13.01 of article 4590i of Texas Revised Civil Statues [the predecessor of § 74.351] was not merely a procedural rule, but part of a "comprehensive scheme governing plaintiff's substantive right in state court proceedings" and "a vehicle for dismissal of frivolous claims," so Texas law applied in federal court. Two years later, however, the same court noted the change from § 13.01 of Texas Revised Civil Statute to § 74.351 and ruled that "[i]n light of the recent change in law and the persuasive reasons provided by every district court in Texas to consider this issue, the Court holds that § 74.351 does not apply in federal court." See *Mason*, 486 F.Supp.2d at 625. In *Privett v. United States*, No 5:13CV79, 2014 WL 174596, at *2 (E.D. Tex. Jan. 8, 2014), the court cited *Chapman* to apply the 120-day rule, but conducted no legal analysis. In *Prentice*, the court relied on *Chapman* even though it noted that the § 74.351 discussion was *dicta*, found another district court's reasoning related to a different Texas statute persuasive, and did not address other cases analyzing § 74.351 in determining that it did not conflict with federal law. *Prentice*, 980 F.Supp.2d at 752 (citing *Garland Dollar General*, 2010 WL 4259818).

Mollabashy and Bond argue that Bunch's medical negligence claim is subject to dismissal because she failed allege all four elements of such a claim under Texas law (docket entries 26 at 4, 27 at 4).  Bunch contends that these defendants failed to properly diagnose, warn and treat her, and that her injuries from her first knee surgery worsened as a result (docket entry 10 at 1-3).

Under Texas law, a plaintiff asserting a medical negligence claim bears the burden of establishing:  (1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation.  *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)).  The plaintiff must establish the standard of care before the factfinder may consider whether the defendant breached that standard.  *Id.* Because Bunch is *pro se*, her complaint is held to a less stringent standard.  *Miller*, 636 F.2d at 988.  The court must accept her well-pleaded facts as true and view them in the light most favorable to her.  FED. R. CIV. P. 12(b)(6); *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

Bunch alleges that Mollabashy recommended an unnecessary knee revision surgery on her, which he and Bond performed (docket entry 10 at 1).  During the surgery, she claims, they "cut out" her quadricep muscles and placed a rod in her leg. *Id.* at 3.  She has therefore sufficiently alleged the first element of a medical negligence claim.  See *Ramirez v. Carreras*, 10 S.W.3d 757, 761 (Tex. App.--Corpus

Christi 2000, pet. denied) ("[T]he duty to treat the patient with proper professional skill flows from the consensual relationship between the patient and physician, and only when that relationship exists can there be a breach of a duty resulting in medical malpractice."). She claims that the surgery caused further injury to her knee and nerve damage, and that her pain is worse and she cannot walk on her own. *Id.* at 3, 10. These averments are sufficient to allege the second, third and fourth elements. See *Sauceda v. Pfizer, Inc.*, No. C-06-519, 2006 WL 3813777, at *2 (S.D. Tex. Dec. 26, 2006).

Bunch asserted sufficient facts meet all four elements of the medical negligence claim related to the knee revision surgery and the claim has facial plausibility. *Twombly*, 550 U.S. at 556. Mollabashy's and Bond's motions to dismiss the medical negligence claim are denied.

### 4. *Fraud Claim*

Mollabashy and Bond move to dismiss Bunch's fraud claims against them because she failed to plead with specificity (docket entries 26 at 3, 8; 27 at 3, 9). Bunch contends that these defendants falsely represented that she needed knee revision surgery, and that they falsified their medical records to "aid and abet" the malpractice of the doctors in Arkansas in concealing it (docket entry 10 at 1-3).

Rule 9(b) of the Federal Rules of Civil Procedure contains a heightened pleading standard requiring a plaintiff to plead the circumstances constituting fraud

with particularity.  *See* FED. R. CIV. P. 9(b); *City of Clinton, Arkansas v. Pilgrim's Pride Corporation*, 632 F.3d 148, 153 (5th Cir. 2010).  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim.  *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (citation omitted).  A dismissal for failure to plead fraud with particularity under Rule 9(b)is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.  *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

In Texas, the elements of fraud by misrepresentation are:  (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the

representation caused the plaintiff injury. *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

a.  Unnecessary Revision Surgery

Bunch contends that Mollabashy misled her into having unnecessary knee revision surgery (docket entry 10 at 1).  She fails to allege sufficient facts to show that the alleged representation was false, or that Mollabashy made the alleged misrepresentation recklessly or without knowledge of the truth of the statement.  In response to Mollabashy's and Bond's motions to dismiss, Bunch contends for the first time that Dr. Joseph Teynor allegedly opined that his "gut feeling" was that the knee revision surgery was "for no reason" and expressed concern whether the revision surgery "needed to be done[.]" (docket entry 33 at 6).[9]  Even if Dr. Teynor's opinion

---

[9]      Bunch's new allegations in her response are not part of the pleadings to be considered for purposes of the motion to dismiss.  See *Hearn v. Deutsche Bank National Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, at *4 n.3 (N.D. Tex. Aug. 15, 2014); see also *Renfrow v. CTX Mortgage Co., LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752, at *4 (N.D. Tex. Aug. 20, 2012) (finding the plaintiffs' allegations were insufficient for the court to determine whether equitable tolling was warranted where they raised equitable tolling for the first time in their response to the defendant's motion to dismiss); *Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Insurance Company of North America*, H-09-CV-3270, 2010 WL 582552, at *5 (S.D. Tex. Feb. 12, 2010) (ruling that a claim raised for first time in response to motion to dismiss was not properly before the Court (citing *Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).  She has not sought or been granted leave to amend her complaint to add these allegations, and she has not shown that the defendants consented to an amendment.  See FED. R. CIV. P. 15(a)(2).  Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend her

(continued...)

is considered, a "gut feeling" or "concern" is not sufficient to support an inference

that Mollabashy's representation that Bunch needed revision surgery was false, or

made recklessly or without knowledge of the truth of the statement.  See *Dorsey v.*

*Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (alterations in original)

(citations omitted) ("The plaintiffs must set forth *specific facts* supporting an inference

of fraud[,] . . . such as identify[ing] circumstances that indicate conscious behavior on

the part of the defendant.").  Bunch fails to meet Rule 9(b)'s heightened pleading

standard for any fraudulent representation claim against Mollabashy.

### b.  Medical Records

Bunch also asserts that Mollabashy and Bond intentionally falsified her

medical records to protect themselves and the doctors in Arkansas (docket entry 10 at

3).  She notes that she had "Medical & Attorney Professionals" review the "Operative

Report of Mollobashy of 05/05/2011", and they found no record of any

complications involving the revision surgery.  *Id.* at 2.  Bunch does not allege that

Mollabashy and Bond made a material, false representation of her medical records *to*

*her* upon which she *relied* to her detriment.  See *Grisham v. Deutsche Bank Trust Co.*

*Americas,* No. 4:11-CV-3680, 2012 WL 2568178, at *4 (S.D. Tex. June 28, 2012)

---

[9](...continued)
complaint.  See *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992)
(deciding that a response to a motion to dismiss, in which the plaintiff first alleged
that she had been willfully discriminated against, should be treated as a motion to
amend her pleadings).

(emphasis original) (dismissing a fraud claim for failure to state a claim where the plaintiff alleged that the defendant "committed fraud by manufacturing documentation to support its alleged ownership of the Note" but he did "not contend that [the defendant] made this material misrepresentation to *him*") (emphasis in original).  Any fraud claims based on the allegedly altered medical records fail.  *Id.*

To the extent Bunch asserts fraud claims against Mollabashy and Bond, she has failed to plead her claims with specificity, and they are dismissed for failure to state a claim.

### B.  <u>Reliant</u>

Reliant also moves to dismiss Bunch's claims against it on grounds that her allegations against it fail to state a claim (docket entry 23).  Bunch alleges that Reliant is vicariously liable for allowing Mollabashy and Bond to practice medicine, and that it is guilty of negligence, falsifying medical records, and aiding and abetting medical malpractice (docket entry 10 at 9).  She specifically alleges that it "forgot" that she has a rod and a hole in her leg, it intentionally and fraudulently failed to document her first failed knee replacement surgery in Arkansas, and that it refused to re-admit her after her hospitalization at Baylor.  *Id.* at 10.

### 1.  *Vicarious Liability*

In Texas, "the doctrine of vicarious liability, or respondeat superior, makes a principal liable for the conduct of his employee or agent."  *F.F.P. Operating Partners,*

*L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007).  Under the vicarious liability

doctrine, if an employee or agent causes injury to an innocent third party, "the

enterprise itself, not only the agent, should be held accountable."  *Id.*  "[T]here are a

number of factors affecting whether and when vicarious liability is appropriate.

Paramount among those factors, however, is whether the person being held

responsible can be said to have had a right to control the activities of the wrongdoer."

*St. Joseph Hospital v. Wolff*, 94 S.W.3d 513, 541 (Tex. 2003); *Golden Spread Council,*

*Inc. No. 562 of Boy Scouts of America v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996)

(ruling that when determining whether vicarious liability applies, "[t]he right to

control remains the 'supreme test' for whether the master-servant relationship

exists").

Here, Bunch fails to assert any facts showing that Mollabashy and Bond were

employees or agents of Reliant, the rehabilitation center where she went after her

surgery at Baylor.  Nor has she alleged that it had *any* control over them.  She has

failed to plead "enough facts to state a claim to relief that is plausible on its face,"

*Twombly*, 550 U.S. at 570, against Reliant based on the actions of Mollabashy and

Bond.

### 2.  *Medical Records*

Bunch next alleges that Reliant intentionally and fraudulently failed to

document her first failed knee replacement surgery in Arkansas and/or falsified

- 29 -

medical records.  To the extent that she is asserting fraud claims against Reliant, they fail for the same reasons as her similar fraud claims against Mollabashy and Bond. She has failed to plead any fraud claim with specificity and therefore fails to state a claim.

### 3. *Negligence*

Bunch alleges generally that Reliant was negligent (docket entry 10 at 9).  Her only specific allegations relating to Reliant are her statements that it forgot she had a rod in her leg, that she had to be rushed back to Baylor following a continuous hemorrhage from her knee following physical therapy, and that she was not allowed to return.  *Id.* at 10.  She has not alleged sufficient facts to state a plausible negligence claim against Reliant.

### 4. *Refusal to Admit*

Bunch complains that after she was discharged from Baylor, Reliant refused to re-admit her because it had no room available (docket entry 10 at 2, 10).  She contends that Reliant was a new facility that had a vacant floor when she had left it only seven days prior to her return.  *Id.* at 2.  Even taken as true, these conclusory allegations fail to state a plausible cause of action against Reliant for any refusal to admit her.

Reliant's motion to dismiss Bunch's claims against it is granted.

### V.  OPPORTUNITY TO AMEND

"'Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.'" *Amonduron v. American Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (per curiam) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).   Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.   *Rodriguez v. United States*, 66 F.3d 95, 97-98 (5th Cir. 1995) (per curiam) (noting passage of 327 days), *cert. denied*, 516 U.S. 1166 (1996). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.   *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam).   A court may also deny the opportunity to amend if the amendment is futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating that an amendment would be futile if such amended complaint "could not survive a FED. R. CIV. P. 12(b)(6) motion[.]"), *cert. denied*, 540 U.S. 1108 (2004).

Bunch's response to the defendants' motions to dismiss may be liberally construed as a motion for leave to amend her complaint.   See *Cash v. Jefferson Associates*, 978 F.2d 217, 218 (5th Cir. 1982) (deciding that a response to a motion to

dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).  It asserts, without supporting facts, that Reliant should be liable for denying that Bunch had ever been its patient, denying the privilege of returning to the facility, and for psychologically harming her when she was discharged to the Silverado dementia unit instead of Reliant (docket entry 33 at 11).  None of Bunch's conclusory assertions provide additional support for her claims against Reliant, and she seems to have alleged her best case against it.  See *Jones v. Greninger*, 188 F.3d at 327.  No opportunity to amend her claims against it is therefore warranted.

## VI.  CONCLUSION

Mollabashy and Bond's motions to dismiss are **GRANTED** in part, and Bunch's fraud claims against them are **DISMISSED**.  Their motions to dismiss Bunch's medical negligence claim are **DENIED**.  This case is **ABATED** for **60 days** in order for Bunch to provide Mollabashy and Bond the required pre-suit notices and for Bunch to effect service on Bond.  Reliant's motion to dismiss is **GRANTED**.

**SO ORDERED**.

March 26, 2015.

*C. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**

- 32 -