**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GLORIA A. BUNCH, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | No. 3:13-CV-1075-G-BH |
| § | | |
| ALLADIN MOLLABASHY, M.D., et al., § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Before the Court is the plaintiff's *Motion to Sanction Defendant Attorneys, Diane K. Shaw & Associates*, filed December 22, 2014 (doc. 42). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This medical malpractice case arises out of "revision" knee surgery that defendant Dr. Alladin Mollabashy, M.D. (Doctor) performed on plaintiff Gloria Bunch (Plaintiff) in Dallas, Texas, on May 5, 2011. (doc. 3 at 1.) On March 13, 2013, Plaintiff sued Doctor and the nurse who assisted him during the surgery, Dana Bond, C.N.P. (Nurse), along with other defendants, alleging that they provided negligent medical care, committed fraud, committed criminal acts, and violated her civil rights. (*See* docs. 3; 10 at 3-4, 9-11.) She sought monetary damages, revocation of Doctor's and Nurse's state medical licenses, and to have Doctor and Nurse criminally prosecuted. (doc. 10 at 3-4, 10-11.)

On March 4, 2014, Doctor and Nurse (collectively Defendants) filed motions to dismiss this action. (docs. 26, 27.) On July 10, 2014, Plaintiff filed a motion alleging discovery abuse by Defendants' counsel and seeking sanctions. (doc. 36.) The motion was denied on July 14, 2014,

for lack of any substantive basis for sanctions or any of the relief that Plaintiff sought. (doc. 37.) On December 22, 2014, Plaintiff again moved to sanction Defendants' counsel for "detaliatory [sic], contumacious, misconduct for ['Fraudulent and Criminal'] behaviors" based on her efforts to cause Plaintiff "to loose [sic] and hinder all rights from fully and fairly presenting [her] case". (doc. 42.)

## II.  MOTION FOR SANCTIONS

Plaintiff cites the Federal Rules of Civil Procedure, Local Civil Rules of the United States District Court for the Northern District of Texas (Local Rules), the Texas Civil Practice and Remedies Code, and Texas Disciplinary Rules of Professional Conduct in support of her motion. (doc. 42 at 1.)

**A.     Federal Rules of Civil Procedure**

Plaintiff contends that Defendants' counsel should be sanctioned under the Federal Rules of Civil Procedure and the "discovery sanctions rules." (doc. 42 at 1.) Because discovery has not yet been permitted, the motion is liberally construed as arising under Rule 11. (*See id*. at 1-3.)

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Zuffante v. Stephens*, No. 3:13–CV–1146–B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v.*

*Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir. 1986), and even dismissal. *See Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and must describe the specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id*. This requirement is strictly construed and substantial compliance is insufficient. *Morris v. Thaler*, No. 3:12–CV–4916–N (BH), 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586–88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011)). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Pratt*, 524 F.3d at 586–88 ("we have continually held that strict compliance with Rule 11 is mandatory."). A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins*, 202 F.3d at 788. The movant has the burden to show compliance with the safe harbor

provision. *See Id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Morris*, 2013 WL 2383652, at *2.

Here, Plaintiff's certificate of service shows that the motion was sent to Defendants and mailed to the court for filing on the same day. (doc. 42 at 3-4.) She has not met her burden to show compliance with the safe harbor provision. Nor do her conclusory and blanket assertions that counsel filed false sworn pleading that lack evidentiary support; committed perjury; obstructed justice; suborned perjury; knowingly made false statements of fact; assisted her clients in illegal and fraudulent conduct; engaged in fraudulent, dishonest, and deceitful conduct; made misrepresentations; and caused malicious injury, harassment, undue emotional harm and injury to Plaintiff overcome the presumption that counsel's certifications and assertions in the filings were made in good faith. Plaintiff has identified no basis for sanction under Rule 11.

**B.     Texas Civil Practice and Remedies Code**

Plaintiff has also generally moved for sanctions under the Texas Civil Practice and Remedies Code. (doc. 42 at 1.)

"It is a long-recognized principle that federal courts sitting in diversity [such as in this case], 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assocs, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, J., concurring) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *see also Guzman v. Memorial Hermann Hosp. Sys.*, No. H–07–3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec.17, 2008) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law.") (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)). "Federal courts are not bound, however, to follow a

state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson v. Myrick*, No. 3:04–CV–0828–G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (internal citation and quotation marks omitted). If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) (internal quotation marks omitted).

Here, Plaintiff has brought a diversity case, so federal procedure law applies. The Texas Civil Practice and Remedies Code provide no basis for sanctions in this case.

**C.**     **Texas Fraudulent Concealment Rule**

Plaintiff also cites the Texas fraudulent concealment rule. (doc. 42 at 1.)

"Fraudulent concealment is an equitable doctrine that estops a defendant who concealed his wrongful conduct, either by lying about it or by failing to disclose it when under a duty to disclose, from asserting the statute of limitations." *Porter v. Charter Medical Corp.*, 957 F.Supp. 1427, 1439 (N.D. Tex. 1997) (citing *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983)). The doctrine tolls the statute of limitations until the plaintiff "learns of the right of action or should have learned thereof through the exercise of reasonable diligence." *Borderlon*, 661 S.W.2d at 908 (citations omitted). "Fraudulent concealment requires 'first, actual knowledge of the fact that a wrong has occurred, and, second, a fixed purpose to conceal the wrong from the patient.' " *Porter*, 957 F.Supp. at 1439 (citations omitted). Because this is an equitable tolling rule, it is not applicable to Plaintiff's motion. Accordingly, this rule provides no basis for sanctions.

**D.**     **Local Rules & Texas Disciplinary Rules of Professional Conduct**

Plaintiff finally moves for sanctions under the Local Rules and Texas Disciplinary Rules of

5

Professional Conduct. (doc. 42 at 1.) Although she does not define any specific rule under either, L.R. 83.8 governs loss of membership of the bar of this court and discipline of attorneys. One ground for disciplinary action under the local rules is "unethical behavior." L.R. 83.8(b)(3). "Unethical behavior" is defined as "conduct undertaken in or related to a civil action in this court that violates the Texas Disciplinary Rules of Professional Conduct." L.R. 83.8(e).

> Under the Texas Disciplinary Rules of Professional Conduct:
>
> A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent. A lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel and represent a client in connection with the making of a good faith effort to determine the validity, scope, meaning or application of the law.

Tex. Disciplinary Rules Prof'l Conduct R. 1.02(c).

Here, Plaintiff generally refers to "illegal and fraudulent conduct." (doc. 42 at 2.) She claims that counsel engaged in conduct that she knew was criminal or fraudulent when she continued to represent Defendants after she "became 'AWARE' without a 'shadow of doubt' that [Doctor] and [Nurse] . . . were 'guilty' . . . .", and that "[counsel] is attempting and should be 'STOPPED' in her effort to defend clients in which she know are GUILTY of fraud with criminal intent." (*Id*. at 2-3.) These allegations of fraud and criminal activity relate to her underlying dispute with Defendants. Plaintiff has not shown a violation of the Texas Rules of Professional Conduct nor grounds for sanctions under the Local Rules.

### III.  RECOMMENDATION

Plaintiff's motion for sanctions should be **DENIED**.

**SIGNED this 25th day of August, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE