IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA A. BUNCH, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | No. 3:13-CV-1075-G-BH |
| § | | |
| ALLADIN MOLLABASHY, M.D., et al., § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Before the Court are the plaintiff's *Motion to Stay Due to Extenuating Circumstances*, filed May 27, 2015 (doc. 49), *Defendant Dana Bond's First Amended Motion to Dismiss for Failure to Serve Proper Notice,* and both defendants' *Motion to Dismiss with Prejudice for Failure to File Pre-Suit Notices*, filed June 16, 2015 (*see* doc. 52 at 3.)[1] Based on the relevant filings and applicable law, the plaintiff's motion should be **DENIED**, the defendants' motions to dismiss should be **DENIED**, and Dana Bond, C.N.P. should be **DISMISSED** *sua sponte* without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**I. BACKGROUND**

This medical malpractice case arises out of "revision" knee surgery performed on Gloria Bunch (Plaintiff). (doc. 3 at 1.) Alladin Mollabashy, M.D. (Doctor), who was assisted by Dana Bond, C.N.P. (Nurse) (collectively Defendants), performed the surgery on May 5, 2011. (*Id.*) On March 13, 2013, Plaintiff sued Defendants along with Baylor Hospital[2] and Reliant Rehabilitation Hospital North Texas (Reliant), alleging that they provided negligent medical care, committed fraud,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Baylor Hospital has not been served. (*See* doc. 21.)

committed criminal acts, and violated her civil rights. (*See* docs. 3; 10 at 3-4, 9-11.) She sought monetary damages, revocation of Defendants' state medical licenses, and to have Defendants' criminally prosecuted. (doc. 10 at 3-4, 10-11.)

Plaintiff's claims under 42 U.S.C. § 1983 and her request for license revocation and criminal prosecution were dismissed during the preliminary screening stage, and her remaining claims were ordered served. (docs. 14, 15, 20.) On March 26, 2015, Reliant's motion to dismiss was granted, and a partial final judgment under Rule 54(b) dismissing with prejudice all claims against it was entered. (docs. 47, 48.) All fraud claims against Defendants were dismissed, and the case was "**ABATED** for **60 days** in order for [Plaintiff] to provide [Doctor] and [Nurse] the required pre-suit notices and for [Plaintiff] to effect service on [Nurse]." (doc. 47 at 32) (emphasis in original).

On May 27, 2015, Plaintiff moved to stay her case, requested assistance in serving Defendants, and moved for relief under Rule 60(b). (*See* doc. 49.) Defendants filed a response, which included motions to dismiss (*see* doc. 52), and the matter is now ripe for recommendation.

## II. STAY

Plaintiff moves "to place this Case ON HOLD for an extended time period of (6) [sic] months or so in order to give [her] ample time to obtain an Attorney and Secure Expert Witnesses." (doc. 49 at 3.) She also requests a stay "in order to give [her] proper time to secure a suitable place of living . . . [,] be in a better position physically . . . [,] [and] continue trying to LEARN the Law and how to continue with this case." (doc. 49 at 3.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Supreme Court noted that "how this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254.  While the district court possesses the authority to regulate its flow of cases, this authority is largely unreviewable and must not be abused. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).  "Nevertheless, stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).  The Supreme Court held that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis*, 299 U.S. at 257.  "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Coastal*, 761 F.2d at 204 n.6.  "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Id*.

Plaintiff has unsuccessfully sought to stay these proceedings indefinitely at least twice before. (*See* docs. 18, 19, 33, 34.)  Her first request on February 7, 2014, similarly stated, "I am in dire EMOTIONAL and PHYSICAL pain and can not go any further without proper representation." (doc. 18 at 1.)  She moved to stay the proceedings a second time on June 20, 2014, so that she could further investigate alleged misconduct and crimes by the defendants, and she again raised her lack of counsel.  (doc. 33 at 10-12.)  Although Plaintiff has now requested a stay for only "[six] months *or so*," she still has not stated when she might be ready to proceed with her lawsuit. (doc. 49 at 3) (emphasis added).  Because she has not met her burden to show why a stay should be granted, her motion should be denied.

### III. SERVICE

Plaintiff moves for assistance in serving Defendants with pre-suit notices and Nurse under Rule 4(e), relying solely on "the interest of JUSTICE" and that "THIS is confusing to me and makes me even more DERPESSED [sic]!!!" (doc. 49 at 2-3) (emphasis in original). On March 26, 2015, this case was "**ABATED** for **60 days** in order for [Plaintiff] to provide [Doctor] and [Nurse] the required pre-suit notices and for [Plaintiff] to effect service on [Nurse]." (doc. 47 at 32.)

**A.   Pre-Suit Notices**

Section 74.051(a) of the Texas Civil Practices and Remedies Code states:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

Tex. Civ. Prac. & Rem. Code Ann. § 74.051 (West 2011). Section 74.052(a) states:

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

Tex. Civ. Prac. & Rem. Code Ann. § 74.052 (West 2011). "The Legislature's purpose in requiring notice in a medical liability suit is to encourage pre-suit negotiations, settlement, and reduce litigation costs." *Rabatin v. Vazquez*, 281 S.W.3d 563, 566 (Tex. App.—El Paso 2008, no pet.).

Plaintiff has identified no authority for the Court to make the pre-suit notices on her behalf or to assist her in providing the requisite pre-suit notice. (*See* doc. 49.) Accordingly, her motion for assistance in serving pre-suit notices under Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051, 74.052

(West 2011) should be denied.

**B.     Service of Nurse**

When a plaintiff proceeds *in forma pauperis* (IFP), "[s]pecial rules govern the procedure for service of process." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). After an IFP plaintiff takes "reasonable steps to identi[f]y the defendant(s)," courts issue process and direct the United States Marshal (USM) to serve the identified defendants. *Id*. The USM must use due diligence in serving defendants on behalf of an IFP plaintiff, and if a provided business address is insufficient for service, due diligence requires the USM to search for "personal addresses for the defendants and serve the individuals at those addresses." *Ellibee v. Leonard*, 226 F. App'x 351, 359 (5th Cir. 2007) (per curiam). While reasonable reliance on the USM is warranted, "a plaintiff may not remain silent and do nothing to effectuate such service," however. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id*. Once an IFP plaintiff "is aware of possible defects in service of process, [she] must attempt to remedy them." *Ellibee*, 226 F. App'x at 358.

Here, the return of service for Nurse was served on the office manager of Greater Dallas Orthopaedics by the USM on February 10, 2014. (doc. 22 at 1, 3.) However, Nurse had not worked at Greater Dallas Orthopaedics "for quite some time" when the office manager was served. (doc. 47 at 9.) Plaintiff was expressly informed by court order on March 26, 2015, that the attempted service of Nurse was insufficient, and she was given an additional sixty days to serve her. (*Id*. at 32.) Nurse still has not been properly served. (*See* doc. 49.) Nor has Plaintiff attempted to provide the USM with a new address to remedy the defective service. Because Plaintiff has not provided a new

address for Nurse, the motion to serve her should be denied. Additionally, the claims against Nurse should be dismissed *sua sponte* without prejudice under Rule 4(m) for failure to serve her during the sixty day extension that was previously granted in lieu of dismissal.

### IV. RULE 60(b)

Plaintiff also moves for relief from a partial final judgment that dismissed with prejudice her claims against Reliant. (doc. 49 at 6.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(l)-(6). "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 744 F.3d. 859, 869 (5th Cir. 2014) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation, and citation omitted).

Petitioner provides no evidence, much less clear and convincing evidence, for any new grounds to support relief under Rule 60(b)(3). To the extent that she alleges fraud, the basis for her allegations is Defendants' conduct in allegedly inducing her into the medical procedure; she does not rely on anything that occurred during the pendency of the lawsuit or any alleged conduct by

6


Reliant at all. (*See* doc. 49 at 6-8).  Plaintiff has not alleged mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle her to relief under Rule 60(b)(l)-(5).  Her motion may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002).  This clause is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Plaintiff has not met these standards.  While she disagrees with the memorandum opinion and order considering Reliant's motion to dismiss (*see* docs. 47, 49), mere disagreement is insufficient for relief under a Rule 60(b) motion. *See Seven Elves, Inc.*, 635 F.2d at 402. Accordingly, she has not shown that she is entitled to relief from the judgment in favor of Reliant, and her motion for relief from partial final judgment should be denied.

7

## V. MOTIONS TO DISMISS

In their response, Defendants included *Defendant Dana Bond's First Amended Motion to Dismiss for Failure to Serve Proper Notice* and *Motion to Dismiss with Prejudice for Failure to File Pre-Suit Notices*. (*Id*. at 3-4.) Neither motion to dismiss, however, was accompanied by a brief with the authority upon which Defendants' relied, identified in the title of Defendants' response as required by the local rules, nor appeared in Defendants' docket entry. (*See id*.) Additionally, neither provided any briefing regarding whether failure to provide pre-suit notices under Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051, 74.052 (West 2011), after an initial abatement in accordance with *Schepps v. Presbyterian Hospital of Dallas*, 652 S.W.2d 934 (Tex. 1983), is grounds for dismissal.

In part, the Local Civil Rules for the Northern District of Texas governing motion practice state, "An opposed motion must be accompanied by a brief that *sets forth the moving party's contentions of fact and/or law, and argument and authorities*, unless a brief is not required by subsection (h) of this rule." L.R. 7.1(d) (emphasis added). Subsection (h) identifies that briefs are required for motions to dismiss. L.R. 7.1(h). Additionally, Local Rule 5.1(c) for Filing and Serving Pleadings, Motions, or Other Papers states:

> **Document Containing More Than One Pleading, Motion, or Other Paper.** Except for a proposed order or judgment, a document may contain more than one pleading, motion, or other paper. *Any such document must clearly identify each included pleading, motion, or other paper in its title*.

L.R. 5.1(c) (emphasis added). Because the motions to dismiss were neither accompanied with a brief nor identified in the title of document 52, Defendants failed to comply with the Local Rules. Accordingly, both motions to dismiss should be denied for failure to comply with L.R. 5.1(c), 7.1(d), (h). *See In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 867 n.9 (N.D. Tex. 2005) ("Plaintiffs failed to comply with [L.R. 5.1(c)], and the Court will not consider its request.").

8

## VI.  RECOMMENDATION

Both Plaintiff's motion and Defendants' motions should be **DENIED**.  Plaintiff's claims against Nurse should be *sua sponte* **DISMISSED without prejudice** for failure to comply with Rule 4(m).

**SIGNED this 12th day of February, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE