**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GLORIA A. BUNCH, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | No. 3:13-CV-1075-G-BH | |
| § | | |
| ALLADIN MOLLABASHY, M.D., et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims against Baylor Hospital should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

**I. BACKGROUND**

This medical malpractice case arises out of "revision" knee surgery performed on Gloria Bunch (Plaintiff) by Alladin Mollabashy, M.D. (Doctor) and his nurse, Dana Bond, C.N.P. (Nurse), on May 5, 2011, at Baylor Hospital (Baylor). (docs. 3 at 1; 10 at 1.)[1] On March 13, 2013, Plaintiff sued Defendant, Nurse, Baylor,[2] and Reliant Rehabilitation Hospital North Texas (Reliant), alleging that they provided negligent medical care, committed fraud, committed criminal acts, and violated her civil rights. (*See* docs. 3; 10 at 3-4, 9-11.) She sought monetary damages, revocation of Doctor's and Nurse's state medical licenses, and to have them criminally prosecuted. (doc. 10 at 3-4, 10-11.)

Plaintiff's claims under 42 U.S.C. § 1983 and her request for license revocation and criminal prosecution were dismissed during the preliminary screening stage, and her remaining claims were

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Baylor Hospital has not been served. (*See* doc. 21.)

ordered served. (docs. 14, 15, 20.) On March 26, 2015, Reliant's motion to dismiss was granted, and all claims against it were dismissed with prejudice. (docs. 47, 48.) All fraud claims against Doctor and Nurse were dismissed, and the case was "**ABATED** for **60 days** in order for [Plaintiff] to provide [Doctor] and [Nurse] the required pre-suit notices and for [Plaintiff] to effect service on [Nurse]." (doc. 47 at 32) (emphasis in original).

On January 17, 2014, summonses were issued for the defendants, including Baylor. (doc. 16.) The summons for Baylor was returned as unexecuted on February 21, 2014, because "Baylor [would] not accept process," and it advised the server to take the process to CT Corporation. (doc. 21 at 1.) "CT Corp [would] not serve Baylor Hospital," however. (*Id.*)

On May 27, 2015, Plaintiff moved to stay her case, requested assistance in serving Doctor and Nurse, and moved for relief under Rule 60(b). (*See* doc. 49.) On June 16, 2015, Doctor and Nurse moved to dismiss Plaintiff's claims for failure to file pre-suit notices. (*See* doc. 52 at 3.) On March 4, 2016, Plaintiff's motion to stay was denied, the defendants' motion to dismiss was denied, and Plaintiff's claims against Nurse were dismissed *sua sponte* without prejudice for failure to comply with Fed. R. Civ. P. 4(m). (doc. 59 at 1-2, 60.)

Doctor moved for summary judgment on the remaining medical negligence claim on May 31, 2016. (docs. 61-63.) On December 9, 2016, it was recommended that summary judgment be granted, and that all of the remaining claims against Doctor be dismissed. (doc. 74.)

## II. *SUA SPONTE* MOTION TO DISMISS

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing

2

*Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-cv-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or her] claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is *plausible on its face*." *Id.* at 570 (emphasis added).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

Here, Plaintiff alleges that Baylor is vicariously liable for allowing Doctor and Nurse to practice medicine, and that it is guilty of fraud, medical negligence, and aiding and abetting medical malpractice. (doc. 10 at 9). She seeks $77,100,000 in damages. (*Id.* at 11.)

**A.     Vicarious Liability**

In Texas, "the doctrine of vicarious liability, or respondeat superior, makes a principal liable

4

for the conduct of his employee or agent."[3] *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007) (citing *Baptist Mem. Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)). Under the vicarious liability doctrine, if an employee or agent causes injury to an innocent third party, "the enterprise itself, not only the agent, should be held accountable." *Id*. "[T]here are a number of factors affecting whether and when vicarious liability is appropriate. Paramount among those factors, however, is whether the person being held responsible can be said to have had a right to control the activities of the wrongdoer." *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541 (Tex. 2003); *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996) (ruling that when determining whether vicarious liability applies, "[t]he right to control remains the 'supreme test' for whether the master-servant relationship exists").

Here, Plaintiff fails to assert any facts showing that Doctor or Nurse were employees or agents of Baylor. (*See* docs. 3, 10.) Nor has she alleged that it had any control over them. (*See* docs. 3, 10.) Accordingly, she has failed to plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Her allegation of vicarious liability should therefore be dismissed for failure to state a claim.

**B.** **Fraud**

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and

---

[3] *Respondeat superior* [Law Latin "let the superior make answer"] is defined as "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Respondeat Superior*, BLACK'S LAW DICTIONARY (10th ed. 2014).

without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (per curiam) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). A claim for fraud is subject to the heightened pleading requirement of Rule 9(b). *Potter*, 607 F.3d at 1032.

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.[4] *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

Here, Plaintiff generally alleges that "Baylor allowed [Doctor] and [Nurse] to act fraudulently to alter his Op Report or note of **ANY** Complications." (doc. 10 at 10.) (emphasis in original). She then criticizes the actions of Doctor and Nurse and attempts to impute their actions

---

[4] Federal Rule of Civil Procedure 9(b) states:

**(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

to Baylor. (*See id.* at 9-10.) She does not allege that Baylor made any representation to her, however. (*See* docs. 3, 10.) Likewise, Plaintiff does not allege that Baylor made a material, false representation of her medical records to her upon which she relied to her detriment. (*See* docs. 3, 10.) To the extent that Plaintiff contends that any fraudulent conduct occurred, those contentions relate solely to the actions of other defendants. (*See* docs. 3, 10.) This falls well short of the "the who, what, when, where, and how" heightened pleading requirement required under Rule 9(b). *See Williams*, 112 F.3d at 177; *see also* Fed. R. Civ. P. 9(b). Because she fails to allege the elements of fraud with sufficient particularity under Rule 9(b), her fraud claim should be dismissed for failure to state a claim.

C. **Medical Negligence**

"Under Texas law, a hospital may be liable independently of the negligence of its physicians or employees. Hospital liability under this direct theory of liability arises from the negligent performance of a duty owed directly to the patient." *Denton Reg. Med. Ctr. v. LaCroix*, 947 S.W.2d 941, 950 (Tex. App.–Fort Worth 1997, no pet.). Medical negligence claims require the showing of (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing *Mills v. Angel*, 995 S.W.2d 262, 267 (Tex. App.–Texarkana 1999, no. pet.); *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950).

Here, Plaintiff generally alleges that Baylor was medically negligent, but focuses solely on the conduct of other defendants. (doc. 10 at 9-10.) Plaintiff's only specific allegations relating to Baylor are her statements that it "forgot" she had a rod in her leg and that it "allowed" Doctor and Nurse to "alter his Op Report." (*Id.* at 10.) Accordingly, she has not alleged sufficient facts that

Baylor had a duty to Plaintiff, that it breached that duty, or that she was damaged by its breach. *See Boudreaux*, 402 F.3d at 540-41; *see also Bunch v. Mollabashy*, No. 3:13-CV-1075-G (BH), 2015 WL 1378698, at *12 (N.D. Tex. Mar. 26, 2015) (dismissing the same allegations against Reliant). Because Plaintiff fails to allege the necessary elements of a medical negligence claim, the claim should therefore be dismissed for failure to state a claim.

D.    **Aiding and Abetting**

"The general rule in Texas is that those who pursue a common plan or design to commit a tortious act, actually take part in it or further it by cooperation or request, or to lend aid to the wrongdoer, or ratify or adopt his act are also liable for the tortious act." *Woloshen v. State Farm Lloyds*, No. 3:08-CV-0634-D, 2008 WL 4133386, at *3 (N.D. Tex. Sept. 2, 2008) (quoting *Clayton v. Richards*, 47 S.W.3d 149, 154 (Tex. App.—Texarkana 2001, pet. denied). "[T]he [Texas] supreme court has specifically dealt with aiding and abetting . . . as a 'dependent' claim, which is 'premised on' an underlying tort. Thus, when an underlying tort fails, there can be . . . [no] aiding and abetting claim related to that failed tort." *West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied) (citation omitted).

Here, all of the other claims against the other defendants, including medical negligence, have either been dismissed, or dismissal has been recommended. Accordingly, as a dependant claim, Plaintiff's aiding and abetting claim against Baylor should also be dismissed. Even assuming that Doctor or Nurse committed medical negligence, however, Plaintiff still fails to allege any facts that Baylor actually assisted, supported, or ratified their actions. (*See* docs. 3, 10.) Plaintiff's only specific allegations relating to Baylor are that her surgery took place at Baylor, and her statements that it "forgot" she had a rod in her leg and that it "allowed" Doctor and Nurse to "alter his Op

8

Report." (doc. 10 at 10.) Accordingly, her claim for aiding and abetting should also be dismissed for failure to state a claim.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff's case has been pending for over three years and all of the other defendants have either been dismissed from the case or dismissal has been recommended. Since the case was filed, Plaintiff has not sought leave to amend her complaint, even when similar claims were dismissed against the other defendants. Additionally, in response to a magistrate judge's questionnaire, Plaintiff answered detailed questions about her specific causes of action against Baylor and the facts that support her claims. (*See* doc. 10 at 9-10.) Accordingly, she has alleged her best case, and no further opportunity to amend her claims against the defendants is warranted.

## IV.  RECOMMENDATION

All of Plaintiff's claims against Baylor should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 12th day of December, 2016.

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE